# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| | § | |
| v. | § | |
| | § | Case Number: **3:15-CR-00103-JGC(1)** |
| **JASON J. KEATING** | § | USM Number: **60777-060** |
| | § | **Spiros P. Cocoves** |
| | § | Defendant's Attorney |

### THE DEFENDANT:

| ☒ | pleaded guilty to count(s) | **1s, 2s-8s, 11s-14s, 19s, 21s-27s 29s-34s** |
|---|---|---|
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:1349 Conspiracy To Commit Mail & Wire Fraud | 03/05/2015 | 1s |
| 18:1341 Mail Fraud | 03/05/2015 | 2s |
| 18:1341 Mail Fraud | 03/05/2015 | 3s |
| 18:1341 Mail Fraud | 03/05/2015 | 4s |
| 18:1341 Mail Fraud | 03/05/2015 | 5s |

The defendant is sentenced as provided in pages 2 through      of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☒   Count(s) 15,16,18,28 ☐ is   ☒ are dismissed on the motion of the United States

       It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**April 4, 2017**
Date of Imposition of Judgment

/s/ James G. Carr

Signature of Judge

**James G. Carr   Sr. U.S. District Judge**
Name and Title of Judge

**April 20, 2017**
Date

DEFENDANT:       JASON J. KEATING
CASE NUMBER:    3:15-CR-00103-JGC(1)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:1341 Mail Fraud | 03/05/2015 | 6s |
| 18:1341 Mail Fraud | 03/05/2015 | 7s |
| 18:1341 Mail Fraud | 03/05/2015 | 8s |
| 18:1341 Mail Fraud | 03/05/2015 | 11s |
| 18:1341 Mail Fraud | 03/05/2015 | 12s |
| 18:1341 Mail Fraud | 03/05/2015 | 13s |
| 18:1341 Mail Fraud | 03/05/2015 | 14s |
| 18:1341 Mail Fraud | 03/05/2015 | 19s |
| 18:1343 Wire Fraud | 03/05/2015 | 21s- 27s |
| 18:1343 Wire Fraud | 03/05/2015 | 29s-34s |

DEFENDANT:      JASON J. KEATING
CASE NUMBER:    3:15-CR-00103-JGC(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

108 Months on each count, all counts to run concurrently.

☒      The court makes the following recommendations to the Bureau of Prisons:

- That the defendant be housed at a facility as close to Northwest Ohio as possible.

☐      The defendant is remanded to the custody of the United States Marshal.

☐      The defendant shall surrender to the United States Marshal for this district:

      ☐  at                      ☐  a.m.     ☐  p.m.    on

      ☐  as notified by the United States Marshal.

☒      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      ☐  before 2 p.m. on
      ☒  as notified by the United States Marshal.
      ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

      Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

                                                    UNITED STATES MARSHAL

                                                            By
                                      DEPUTY UNITED STATES MARSHAL

DEFENDANT:          JASON J. KEATING
CASE NUMBER:     3:15-CR-00103-JGC(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :  **three (3) years terms to run concurrent.**

# MANDATORY CONDITIONS

| | | |
|---|---|---|
| 1. | | You must not commit another federal, state or local crime. |
| 2. | | You must not unlawfully possess a controlled substance. |
| 3. | | You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of |
| | | release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. |
| | ☐ | The above drug testing condition is suspended, based on the court's determination that you |
| | | pose a low risk of future substance abuse. (*check if applicable*) |
| 4. | ☒ | You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*) |
| 5. | ☐ | You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et |
| | | seq.) |
| | | as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you |
| | | reside, work,are a student, or were convicted of a qualifying offense. (*check if applicable*) |
| 6. | ☐ | You must participate in an approved program for domestic violence. (*check if applicable*) |

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:         JASON J. KEATING
CASE NUMBER:       3:15-CR-00103-JGC(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. If not in compliance with the condition of supervision requiring full-time employment, you may be directed to perform up to 20 hours of community service per week until employed, as approved or directed by the pretrial services and probation officer.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT:         JASON J. KEATING
CASE NUMBER:       3:15-CR-00103-JGC(1)

# SPECIAL CONDITIONS OF SUPERVISION

**Financial Disclosure**
You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

**No New Debt/Credit**
You must not incur new credit charges or open additional lines of credit without the approval of the probation officer.

**Financial Windfall Condition**
You must apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

**Substance Abuse Testing**
You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

DEFENDANT: JASON J. KEATING
CASE NUMBER: 3:15-CR-00103-JGC(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assesment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $2,600.00 |  | $.00 | $1,183,025.88 |

☐ The determination of restitution is deferred until    An *Amended Judgment in a Criminal Case* *(AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

See attached pages

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the   ☐ fine   ☒ restitution

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JASON J. KEATING
CASE NUMBER: 3:15-CR-00103-JGC(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐   Lump sum payments of $ _____ due immediately, balance due

     ☐   not later than _____ , or

     ☐   in accordance    ☐   C,    ☐   D,    ☐   E, or    ☐   F below; or

**B** ☒   Payment to begin immediately (may be combined with    ☐   C,    ☐   D, or    ☒   F below); or

**C** ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐   Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒   Special instructions regarding the payment of criminal monetary penalties: **SEE PAGE 10**
     **It is ordered that the Defendant shall pay to the United States a special assessment of $2,600.00 for Counts 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 11s, 12s, 13s, 14s, 19s, 21s, 22s, 23s, 24s, 25s, 26s, 27s, 29s, 30s, 31s, 32s, 33s and 34s which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several
     See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

     ☐   Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States: **SEE PAGE 9**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DEFENDANT:           JASON J. KEATING
CASE NUMBER:         3:15-CR-00103-JGC(1)

# FORFEITED PROPERTY

A.) Bank of America cashier's check number 9495506986 in the amount of $345.55, representing the contents of Bank of America account x4391.

B.) Bank of America cashier's check number 9495506987 in the amount of $995.00, representing the contents of Bank of America account x6593.

C.) Bank of America cashier's check number 9495506988 in the amount of $15,572.18, representing the contents of Bank of America account x7586.

D.) Bank of America cashier's check number 9495506989 in the amount of $38.71, representing the contents of Bank of America account x7703.

E.) Bank of America cashier's check number 9495506990 in the amount of $22,948.71, representing the contents of Bank of America account x7201.

F.) Bank of America cashier's check number 9495506991 in the amount of $2,395.09, representing the contents of Bank of America account x6101.

DEFENDANT:          JASON J. KEATING
CASE NUMBER:        3:15-CR-00103-JGC(1)

## Additional Criminal Monetary Penalties

### Restitution

Restitution shall be ordered in an amount of $1,183,025.88 by the Court payable to the identified victims as presented in the government loss charts. Restitution shall be paid through the Clerk of the U.S. District Court. Restitution is due and payable immediately.

The defendant shall pay 25% of his gross income per month, through the Federal Bureau of Prisons Inmate Financial Responsibility Program. If a restitution balance remains upon release from imprisonment, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release. Restitution shall be paid at a rate of at least a minimum of 10% of the defendant's gross monthly income during the term of supervised release and thereafter as prescribed by law.

Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before and after the date of this Judgment.

The Court waives the interest requirement in this case.